UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCULLOCK,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN D. SAMUEL, et al.,<br><br>  Defendants. | Case No. 2:23-cv-03322-JFW (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On May 2, 2023, Plaintiff filed a pro se civil rights complaint. [Dkt. 1, "Complaint."] On March 25, 2024, United States Magistrate Judge Gail J. Standish issued a Report and Recommendation, which found that the Complaint was defective as a whole and should be dismissed, with leave to amend to be granted only in two specified respects. [Dkt. 17, "Report."] Plaintiff did not file Objections to the Report. On May 17, 2024, the Court issued an Order accepting the Report and dismissing the Complaint without leave to amend except as to two claims, which Plaintiff was granted leave to attempt to replead. [Dkt. 19, "May 17 Order."] The May 17 Order advised Plaintiff that if he wanted to have this case proceed, he must file a First Amended Complaint within 30 days.

The First Amended Complaint was required to be filed by no later than June

16, 2024, but this has not happened. It is now past Plaintiff's deadline for complying with the May 17 Order, and he has not done so, nor has he requested an extension of time to do so or otherwise communicated with the Court.

      Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

      In this case, the fifth factor, the general policy favoring resolution of cases on the merits, cannot be said to favor retention of this action on the Court's docket. As explained in the Report, the Complaint was defective in its entirety. While the Report recommended that leave to amend be granted in two respects, the Magistrate Judge expressed substantial doubt that the defects identified could be rectified with amendment. The Court agrees that it is unlikely Plaintiff could state a viable claim for the reasons identified in the Report, and apparently Plaintiff concurs given his failure to attempt amendment. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228 ("this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction").

      Plaintiff's noncompliance with the May 17 Order necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999) ("the public's interest in expeditious resolution of

litigation always favors dismissal"). There is no extant operative complaint in this action due to Plaintiff's inaction, and thus, the case is stalled and unable to proceed.

The third factor – possible prejudice to the opposing party – is, at best, neutral to Plaintiff. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to Defendants as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal. Plaintiff has been told what he needs to do to allow this case to survive, but he appears to lack any interest in pursuing this case anymore. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: July 3, 2024

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE